**No. 49403.**—Protests 102933–K, etc., of Cambridge Instruments Co., Inc. (New York).

Opinion by OLIVER, P. J. At the hearing the examiner testified that the compressometers and the extensometer are similar to those involved in *United States* v. *American Machine & Metals Inc.* (29 C. C. P. A. 137, C. A. D. 183), the record in which was incorporated herein. He also stated that the marking-off tools are properly dutiable under paragraph 397. In accordance therewith and following C. A. D. 183, the protests were sustained as to the compressometers and extensometer, and the marking-off tools were held dutiable at 45 percent under paragraph 397, as claimed.

**No. 49404.**—Protests 94131–K, etc., of Philip Barnet & Bros. et al. (New York).

Opinion by WALKER, J. It was stipulated that the hides in question are similar to those involved in *Rice* v. *United States* (11 Cust. Ct. 118, C. D. 807) which were assessed at 15 percent ad valorem under paragraph 1530 (b) (4), Tariff Act of 1930. In accordance therewith those hides entered for consumption or withdrawn from warehouse prior to the effective date of said trade agreement were held dutiable at 10 percent under paragraph 1530 (a), and those on or subsequent to said date were held dutiable at 5 percent under paragraph 1530 (a) as modified by said trade agreement.

BEFORE THE FIRST DIVISION, MAY 12, 1944

**No. 49405.**—Protest 34428–K of Fung Chong Co. (Los Angeles).

Opinion by COLE, J. The merchandise was classified and claimed dutiable at the same rates as that covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247), which record was incorporated herein. It was conceded it is a product the same in all material respects as that involved in the cited case On the record presented the merchandise at bar, found to contain salt, was excluded from paragraph 5. The protest was sustained to this extent.